IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JASON LARON THOMAS, | ) |
| Plaintiff, | ) |
| v. | ) NO. 3:24-cv-01130 |
| RAQUEL MILLER and RUTHERFORD COUNTY PROBATION & PAROLE, | ) JUDGE RICHARDSON |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Jason Thomas, a Rutherford County Jail inmate, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. (Doc. No. 1.) On June 20, 2025, the Court ordered Plaintiff to correct a deficiency in his application for leave to proceed in forma pauperis (IFP) and to show cause why his Complaint should not be dismissed. (Doc. No. 12.)

### I. PAUPER STATUS

In response to the Court's order, Plaintiff filed a new IFP application that meets the requirements of 28 U.S.C. § 1915(a). (Doc. Nos. 14, 15.) Accordingly, the IFP application (Doc. No. 15) is **GRANTED** and a $350 filing fee is **ASSESSED**.[1] The fee will be collected in installments as described below.

The warden of the facility in which Plaintiff is currently housed, as custodian of his trust account, is **DIRECTED** to submit to the Clerk of Court, as an initial payment, the greater of: (a)

---

[1] Prisoners bringing civil lawsuits or appeals are "required to pay the full amount of a filing fee," 28 U.S.C. § 1915(b)(1), either in a lump sum at the time of filing or—if pauper status is granted—in installments over time via an assessment against the prisoner's inmate trust account. Where the prisoner is granted pauper status and allowed to pay in installments, the fee is $350. *See* 28 U.S.C. § 1914(a)–(b) & Dist. Ct. Misc. Fee Schedule, provision 14 (eff. Dec. 1, 2023).

20% of the average monthly deposits to Plaintiff's credit at the jail; or (b) 20% of the average monthly balance to Plaintiff's credit for the six-month period immediately preceding the filing of the Complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of Plaintiff's preceding monthly income (or income credited to Plaintiff for the preceding month), but only when the balance in his account exceeds $10. *Id.* § 1915(b)(2). Payments shall continue until the $350 filing fee has been paid in full to the Clerk of Court. *Id.* § 1915(b)(3).

The Clerk of Court **MUST** send a copy of this Order to the warden of the facility in which Plaintiff is currently housed to ensure compliance with that portion of 28 U.S.C. § 1915 pertaining to the payment of the filing fee. If Plaintiff is transferred from his present place of confinement, the custodian must ensure that a copy of this Order follows Plaintiff to his new place of confinement, for continued compliance with the Order. All payments made pursuant to this Order must be submitted to the Clerk of Court for the United States District Court for the Middle District of Tennessee, 719 Church Street, Nashville, TN 37203.

## II. INITIAL REVIEW

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915A, the Complaint must be reviewed to determine if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A; 42 U.S.C. § 1997e(c).

As the Court pointed out in its show cause order,

> Plaintiff asserts one claim in this action: that his "rights were violated when Raquel Miller who works for the Rutherford County Probation & Parole Department took an invalid warrant out for my arrest on June 1, 2023" for probation violations, which invalid warrant was executed on December 23, 2023 and resulted in Plaintiff being wrongfully detained for a period thereafter. (Doc. No. 1 at 6.) Probation officers perform a judicial function and are therefore entitled to quasi-judicial immunity from liability in damages when they determine (correctly or incorrectly) that a probationer violated the terms of his probation. *Huffer v. Bogen*, 503 F. App'x

455, 461 (6th Cir. 2012) (quoting *Loggins v. Franklin Cnty.*, 218 F. App'x 466, 476 (6th Cir. 2007) and *Timson v. Wright*, 532 F.2d 552, 553 (6th Cir. 1976)); *see also Allen v. Tuney*, No. 1:24-CV-160, 2024 WL 2806958, at *2 (E.D. Tenn. May 31, 2024) (dismissing action against probation officers at initial screening based on immunity). A county parole department cannot be liable under Section 1983 based solely upon the conduct of an officer it employs. *Cash v. Hamilton Cnty. Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). To avoid dismissal on these grounds at initial review under the Prison Litigation Reform Act, Plaintiff must show cause why the Defendants he sues are not protected by immunity (in Miller's case) or the prohibition against vicarious liability based simply on an employment relationship (in the Probation and Parole Department's case).

(Doc. No. 12 at 2–3.)

Plaintiff responded to the Court's order on July 10, 2025. (Doc. No. 16.) In that response, he argues that Defendant Miller "was doing her job" but "failed to protect Plaintiff from being falsely incarcerated" when she took out a warrant for his arrest on a probation violation in 2023, after Plaintiff had "turned over proper paperwork" to Miller demonstrating that his probation had ended in December 2022. (*Id.* at 1.) Plaintiff also responded that the Rutherford County Probation and Parole Department is properly sued under Section 1983 and "deprived [him] of [his] freedom by acting indifferent and not taking proper steps before [assuming] that [he] had done anything wrong." (*Id.* at 2.)

Plaintiff's response does not provide any reason to find other than as indicated in the Court's show cause order. As indicated there and repeated above, Defendant Miller's action in taking out an arrest warrant, though wrongful in Plaintiff's opinion as allegedly shown by the paperwork he had previously provided her, is an action within her core function as a judicial officer; therefore, quasi-judicial immunity protects her from this suit for damages. *See, e.g., Huffer v. Bogen*, 503 F. App'x 455, 461 (6th Cir. 2012) ("[W]hen a judge seeks to determine whether a defendant is complying with the terms of probation, the judge is performing a judicial function. . . All of the same considerations that would apply to the judge apply to the probation officer.")

(citation omitted). And, while it is true that Rutherford County is suable under Section 1983 through its Probation and Parole Department, it (as a municipality) can be liable only for its own wrongdoing, i.e. when a policy or custom of its Probation and Parole Department is the cause of a constitutional violation. *Cash v. Hamilton Cnty. Dep't of Adult Prob.*, 388 F.3d 539, 542 (6th Cir. 2004). In the absence of some allegation that Defendant Miller was executing "a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the Probation and Parole Department's] officers" when she (allegedly) caused an arrest warrant to be issued for a probation violation despite knowing that Plaintiff was no longer on probation, Rutherford County cannot be held liable for Defendant Miller's wrongdoing. *Id.* (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 121 (1988)). Plaintiff does not identify any such official policy or custom of Rutherford County behind Miller's actions, nor does the "indifferen[ce]" attributed by Plaintiff to the Probation and Parole Department (Doc. No. 16 at 2) suffice to plausibly suggest Rutherford County's liability under Section 1983.

### III. CONCLUSION

For the above reasons, this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), for failure to state a claim upon which relief may be granted.

In light of this disposition, Plaintiff's pending motion to appoint counsel (Doc. No. 5) is **DENIED** as moot.

The Court **CERTIFIES** that any appeal from this dismissal would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

This is the final order in this action. The Clerk **SHALL** enter judgment. Fed. R. Civ. P. 58(b)(1).

IT IS SO ORDERED.

*Eli Richardson*
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE